SIMPSON
vs
DANIEL.

B. Monroe.
1m250
97  772

ASSUMPSIT.

*Case* 80.

*May* 6.

Case stated, pleading & judgment of the Circuit Court.

# Simpson *vs* Daniel.

ERROR TO THE JESSAMINE CIRCUIT.

*Assignor and assignee.    Diligence.*

JUDGE EWING delivered the Opinion of the Court.

THIS is an action of assumpst, brought by Simpson against Daniel, as assignor of a note on John L. Chapman and Manlius V. Thompson, on the return of *nulla bona,* on an execution against the payors, which issued from the Scott Circuit Court.

Daniel pleaded that Chapman, one of the payors, was, at the time of the assignment, before, and ever since, a resident of the state of Mississippi, and that his estate was there, and the plaintiff was apprised and notified thereof, when the assignment was made.    The plaintiff's demurrer to this plea being overruled, and judgment rendered against him, he has appealed to this Court.

The law implies an assumpsit against the assignor of a note, to refund the consideration, upon the payors proving to be insolvent.    But to raise the assumpsit, the insolvency must be manifested by the use of due diligence,

by suit, and the use and failure of all the ordinary means provided by law to coerce the debt from the payors.

If the payors are residents of the state, due diligence, by suit, and the return of *nulla bona* on an execution, issued to the county of their *residence*, will suffice: *Hagan* vs *Vance*, 2 *Bibb*, 35. Because it is presumed that their effects are in the county of their residence, and the officer has done his duty, in making due and proper search and inquiry, and could find nothing. But a return of *nulla bona* on an execution issued to a remote county, would not suffice, as such return would not show their insolvency, as it might be true, and the payors have sufficient property in the county of their residence for the payment of the debt.

So if the payors, or either of them, were residents of another state, at the time, before and since the assignment, and that was known to the assignee, as the estate of the non-resident must be presumed to be where he resides, the return of *nulla bona* here, where he may happen to be served with process, in making a transient visit to the state, cannot create even a presumption that he is insolvent, much less operate as conclusive evidence of the fact. The return of *nulla bona* in Scott, therefore, was no evidence of the insolvency of Chapman, who was a resident of Mississippi, and the assumpsit to refund will be implied only upon the insolvency of both payors, manifested by the use of due diligence by suit.

*The assignor of a note on one who is a non-resident of the state at the date of the assignment, is not responsible on the assignment without suit and a return of nulla bona against obligor in the state and place of his residence.*

We conclude, therefore, that to entitle the plaintiff to recover upon the implied assumpsit of the defendant to refund, in the case before the Court, that it was necessary for him to show the use of due diligence, by suit, not only against Thompson, in Kentucky, but against Chapman, in Mississippi.

Indeed, when a note is assigned upon a person or persons, known at the time to be residents of another state, it must be understood to be within the contemplation of the parties, that the assignee shall pursue them, by suit, in the state where they reside. The holder, if he retained the note, would have to do so, and as he has, by the assignment, placed the whip in the hands of the assignee, it must be understood to be the intention of the parties,

*A return of nulla bona on a judgment recovered in this state when obligor is a resident of another state, and only temporarily here will not render assignor responsible.*

that he should pursue them there. The plaintiff's failure to do so, is the failure to perform an implied precedent condition, the performance of which entitles him to recourse. And consistent with this conclusion, was the *dictum* of this Court in the case of *Brinker* vs *Perry*, 5 *Litt.* 195.

It is, therefore, the opinion of this Court, that the plea of the defendant was good, and the demurrer to it properly overruled. Wherefore, the judgment is affirmed, with costs.

*Harlan* for plaintiff: *Hewitt* for defendant.